**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 1:11-cr-00415-AWI-BAM-1 |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |
| v. | |
| **JOSE LUIS VALENCIA DIAZ**, | (Doc. 94) |
| Defendant. | |

On March 12, 2015, this Court denied Defendant Jose Luis Valencia Diaz' motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines. The Court explained that its authority to reduce a sentence after sentencing is constrained by the Sentencing Commission. Doc. 92 (citing *Dillon v. United States*, 560 U.S. 817 (2010)). It further explained that because the case involved 16.36 kilograms of *actual* methamphetamine, Amendment 782 to the Sentencing Guidelines does not alter the applicable guideline range and the Court cannot reduce Mr. Diaz' sentence. Doc. 92; *see* U.S.S.G. § 2D1.1(c)(1) (providing that a sentencing court is to apply a base offense level of 38 to offenses involving 4.5 kilograms or more of actual methamphetamine).

The Defendant now asks the Court to reconsider its prior determination based on his belief that the drug quantity involved may not have been accurately represented in the presentence investigation report or in the Defendant's plea agreement. The Defendant further

1

requests that this Court order the United States Probation Department to provide a copy of the laboratory test results indicating that the actual methamphetamine quantity involved exceeded 4.5 kilograms. For the following reasons, this Court will deny the Defendant's motion for reconsideration (and request for laboratory results).

The Ninth Circuit allows parties to file motions for reconsideration in criminal cases, although the Federal Rules of Civil Procedure do not explicitly provide for such motions. *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000). Courts review such motions for reconsideration under the standard articulated in Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. *Id.* At 1047-1048 n.7 & n.8. Under Rule 59(e), "reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Fed. R. Civ. P. 59 (e). There may also be other, highly unusual, circumstances warranting reconsideration. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted). Reconsideration of motions may also be granted under Local Rule 230(j). "Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including [¶] (1) when and to what Judge or Magistrate Judge the prior motion was made; [¶] (2) what ruling, decision, or order was made thereon; [¶] (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [¶] (4) why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j).

The Defendant entered into a plea agreement and admitted that the drug quantity attributable to him was 16.36 kilograms. Doc. 68 at 6. The quantity was also reflected in the presentence investigation report. Doc. 75. That fact is determined. A motion to reduce sentence

pursuant to Section 3582 is not the appropriate mechanism to challenge facts admitted as the factual basis for a plea. Any such challenge must be raised by way of a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1,2] The Defendant has not present any newly discovered evidence, or alleged clear error or any intervening change in the law; he has failed to meet the standard for reconsideration.

        Accordingly, Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:  August 28, 2015         _____
                                                        SENIOR DISTRICT JUDGE

---

[1] This Court takes no position on the likely success, timeliness, or any merit based determination regarding Defendant's filing of any §2255 motion.

[2] Subsequent to filing a § 2255 motion, a court could grant Defendant's discovery request. Rule 6, Rules Governing Section 2255 Proceedings for the United States District Courts provides in pertinent part:
    A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law.
"To show 'good cause,' a movant must present specific allegations which give reason to believe that the movant may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Robinson v. United States*, 2007 WL 311905, *4 (E.D. Cal. Oct. 23, 2007); *United States v. Atkin*, 80 F.Supp.2d 779, 787 (N.D.Ohio 2000); *see also United States v. Bontkowski*, 262 F.Supp.2d 915, 920 (N.D. Ill. 2003).